IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01891-BNB

RODNEY WAYNE JACKSON,[1]

    Applicant,

v.

DENVER COUNTY UNDER SHERIFF GARY WILSON,

    Respondent.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Rodney Wayne Jackson, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Jackson filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Jackson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jackson will be ordered to file an amended application if he wishes to pursue any federal constitutional claims in this action.

Mr. Jackson is challenging a parole hold placed by the State of Colorado Board of Parole ("the parole board") following his arrest in January 2013. He alleges that the parole board twice has postponed a parole revocation hearing and has refused to

---

[1] Although Applicant spells his last name as "Jacksaon" in the caption of the application, he spells his last name as "Jackson" in the body of the application and on the envelope in which the application was mailed to the court. The court assumes that the correct spelling is "Jackson" and will refer to Applicant as Mr. Jackson in this order.

release the parole hold, which has resulted in his continued confinement because he cannot be released on bail due to the parole hold. Mr. Jackson specifically asserts one claim for relief in the application in which he contends that his right to bail under the Colorado Constitution has been violated.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). However, habeas corpus relief is warranted only if Mr. Jackson "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Although Mr. Jackson does not specifically assert a federal constitutional claim in the application, the court notes that he does refer to federal law in his discussion of the state law claim he asserts. (*See* ECF No. 1 at 3.) Therefore, construing the application liberally, it appears that Mr. Jackson may intend to assert a federal constitutional claim in this action. If Mr. Jackson does intend to assert a federal constitutional claim, he must file an amended application that clarifies the federal constitutional claim he is asserting. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Jackson must identify the specific federal constitutional claim he is asserting and provide specific factual allegations in support of that claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655

(2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Jackson file an amended application that sets forth whatever federal constitutional claim or claims he may be asserting in this action.  It is

FURTHER ORDERED that Mr. Jackson shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jackson fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED July 18, 2013, at Denver, Colorado.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge