IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01891-BNB

RODNEY WAYNE JACKSON,

    Applicant,

v.

GARY WILSON, Denver County Under Sheriff,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Rodney Wayne Jackson, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On July 29, 2013, he filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4). Mr. Jackson claims that he is incarcerated illegally at the Denver Detention Center pursuant to a parole hold placed by the State of Colorado Board of Parole ("the parole board") following his arrest in January 2013 on new criminal charges. According to Mr. Jackson, the parole board twice has postponed a parole revocation hearing and has refused to release the parole hold, which has resulted in his continued confinement because he is unable to obtain bail on the new charges due to the parole hold. Mr. Jackson specifically asserts one claim for relief in the amended application in which he contends that his Eighth Amendment rights have been violated.

    On July 30, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a

preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. Magistrate Judge Boland also directed Respondent to advise the Court who the proper Respondent is and move for substitution of party if Respondent is not the appropriate party to respond to Mr. Jackson's claim challenging the parole hold. On August 21, 2013, the Executive Director of the Colorado Department of Corrections, through the Colorado Attorney General, filed a Preliminary Response (ECF No. 9) arguing that this action should be dismissed for failure to exhaust state remedies because Mr. Jackson has not presented his Eighth Amendment claim to the Colorado state courts in a petition for writ of habeas corpus or in any other state court proceeding. Respondent has filed "Respondent Gary Wilson's Joinder in Preliminary Response of the Executive Director of the Colorado Department of Corrections to Application for Writ of Habeas Corpus" (ECF No. 8). Mr. Jackson has not filed a reply to the Preliminary Response despite being given an opportunity to do so.

The Court must construe the amended application liberally because Mr. Jackson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Jackson may not challenge the allegedly illegal parole hold in federal court in a habeas corpus action unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied

once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Jackson has failed to respond to the affirmative defense raised in this action and he fails to demonstrate he has fairly presented his Eighth Amendment claim to any state court.  Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 4) are denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __18th__ day of ____September____, 2013.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court